# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **DUANE B. ROSSING** </br>720 S. Verity Pkwy. </br>Middletown, Ohio 45044, </br></br>    Plaintiff, </br></br>vs. </br></br>**MERRICK B. GARLAND**, in his official capacity as Attorney General, U.S. Dept. of Justice </br>c/o U.S. Department of Justice </br>950 Pennsylvania Avenue, NW </br>Washington, DC 20530-0001 </br></br>and </br></br>**U.S. DEPARTMENT OF JUSTICE** </br>950 Pennsylvania Avenue, NW </br>Washington, DC 20530-0001, </br></br>    Defendants. | CASE NO. 1:22-cv-24 </br>Judge </br>Magistrate Judge </br></br></br></br></br>**COMPLAINT -** </br></br>Declaratory Judgment |

Plaintiff Duane B. Rossing, by and through counsel, as his Complaint against the Defendants named herein, states as follows:

## DESCRIPTION OF PARTIES

1. Plaintiff, Duane B. Rossing, at all times relevant to the Complaint was a citizen and resident of the United States of America, and the State of Ohio, County of Butler, and in the jurisdiction and venue of this Court, this District, and this Division.

2. The Defendants, Merrick B. Garland, in his official capacity as the Attorney General of the United States, and of the United States Department of Justice, and the United States Department of Justice, are and were at all times relevant hereto parties appropriate under

the Federal Administrative Procedure Act and subject to and within the jurisdiction of this Court, and/or pursuant to Title 18 U.S.C. Section 925A; and/or Title 28 U.S.C. Section 2201; and are all hereafter collectively, jointly, and severally referred to as the "Defendants."

3. This matter presents a question of federal law and application of federal law, including Plaintiff's rights under the United States Constitution and/or other federal laws.

## DESCRIPTION OF JURISDICTION

4. Plaintiff reiterates all prior allegations as if restated herein.

5. This action is brought against the Defendants, which has either taken final agency action that adversely affected Plaintiff, and/or has refused to take action that it is obligated to take; and Plaintiff in this action seeks all appropriate relief to Plaintiff as provided by and under any and all other applicable provisions of both Federal and State law, and/or within this Court's supplemental jurisdiction, for the requested relief.

6. Jurisdiction is upon this Court by virtue of Title 18 U.S.C. Section 925A, Title 28 U.S.C. Section 2201, and/or Title 28 U.S.C. Section 1331 and/or 1343, and venue of this action is proper under Title 28 U.S.C. 1391; and/or under other provisions of federal law.

## FACTS RELEVANT TO THIS CASE

7. Plaintiff reiterates all prior allegations as if restated herein.

8. On or around January 26, 2021, and in and by the Court of Common Pleas, Butler County, Ohio, a judgment was rendered in this Plaintiff's favor, finding Plaintiff has met the requirements of Ohio Revised Code Section 2923.14, for restoration of Plaintiff's privileges under the United States Constitution, amend. II, to use, own, and carry a firearm, and thereby granted to and restored Plaintiff's firearm's privileges, removing all legal disabilities against Plaintiff's use, ownership, or carrying of a firearm that resulted from a conviction occurring on

or around January 16, 1981; a copy of which is attached hereto.

9. The Ohio Relief from Weapons Disability Statute (O.R.C. § 2923.14) was amended by 129 H 54, which specified, among other things, that (1) it is the intent of the General Assembly in making the changes described to apply the changes retroactively to any restoration of rights granted previously to any applicant under O.R.C. 2923.14 or under any previous version of that section, and (2) the Ohio General Assembly is explicitly making those changes to clarify that relief from a weapons disability granted under O.R.C. 2923.14 restores a person's civil firearm rights to such an extent that the uniform federal ban on possessing any firearms at all, Title 18 U.S.C. Section 922(g)(1), does not apply to that person, in correlation with the U.S. Supreme Court's interpretation of Title 18 U.S.C. Section 921(a)(20) in *Caron v. U.S.,* 524 U.S. 308 (1998).

10. The Ohio Legislative Service Commission explained:

The U.S. Supreme Court's decision in *Caron*, supra, involved a situation in which law enforcement officers searched a person's home in Massachusetts pursuant to a valid search warrant and, while there, seized rifles and shotguns. The person was convicted of a violation of 18 U.S.C. § 922(g)(1). That provision, in relevant part, prohibits any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year from shipping or transporting in interstate or foreign commerce, or possessing in or affecting commerce, any firearm or ammunition; or from receiving any firearm or ammunition that has been shipped or transported in interstate or foreign commerce. Under 18 U.S.C. § 924(e), a three time violent felon who violates 18 U.S.C. § 922(g) receives an enhanced penalty. Regarding the term "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 921(a)(20) specifies that: (a) the term does not include certain specified offenses, (b) what constitutes a conviction of such a crime is to be determined in accordance with the law of the jurisdiction in which the proceedings were held, and (c) *any conviction that has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored is not to be considered a conviction for purposes of the firearms law*, unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms. [Emphasis added].

11. In the related case, the trial court enhanced the person's sentence under Title 18 U.S.C. Section 924(e), because that defendant was at least a three-time violent felon, based on

3

one California conviction and three Massachusetts convictions. The U.S. Court of Appeals vacated the sentence, concluding that the person's civil rights had been restored by operation of a Massachusetts law that permitted him to possess rifles and shotguns but restricted his right to carry handguns. On remand, the trial court disregarded the Massachusetts convictions in sentencing the person, finding that Title 18 U.S.C. Section 921(a)(20)′s ″unless clause″ was not activated because, it determined, Massachusetts law allowed the person to possess rifles, and that the handgun restriction was irrelevant because the case involved rifles and shotguns. The Government appealed and the U.S. Court of Appeals reversed, holding that the Massachusetts convictions counted as prior convictions, because the person remained subject to significant firearms restrictions. The person sought certiorari to the U.S. Supreme Court, which was granted.

12. The United States Supreme Court held that the Massachusetts handgun restriction activates Title 18 U.S.C. Section 921(a)(20)′s ″unless clause," and stated that if a State permitted an offender to have the guns he possessed, federal law uses the state's determination, and therefore, any conviction where a petitioner's civil rights were restored was not considered a conviction for application of the federal firearms ban, unless the restoration provided petitioner could not possess firearms.

13. The Ohio restoration of Plaintiff's civil rights therefore removed the Plaintiff's 1981 conviction from the definition of a crime punishable by imprisonment for a term exceeding one year under Title 18 U.S.C. § 920(a)(20).

14. Plaintiff is not otherwise barred from possessing firearms or ammunition by any category of prohibited person listed in Title 18 U.S.C. § 922(g)

15. Sometime thereafter the Defendants, through one or more of its constituent officers, agencies, or bureaus, was served with and notified of said State Court Order and

4

Judgment.

16. Plaintiff lawfully applied for the purchase of a firearm through a federally-licensed dealer, truthfully and completely answered all questions therein, and through said dealer submitted same to the United States for the required background checks.

17. Said application was thereafter rejected and disallowed by one or more officers, agents, agencies, or bureaus, including the Federal Bureau of Investigation (FBI), and the Bureau of Alcohol, Tobacco and Firearms (ATF) under the auspices of the Defendants named in this action; and based solely on the aforementioned 1981 conviction, and incorrect information in the FBI NICS, the disabilities under which were removed by final order and judgment of the aforementioned Butler County, Ohio, Court.

18. Plaintiff thereafter dutifully and expeditiously pursued any and all remedies within said Agencies to dispute said denial.

19. In response to same, the Defendants, through one or more of its constituent agencies or departments or officers, either rejected said remedies, or ignored same, although repeated request was made for reconsideration and/or reversal of Plaintiff's application, and/or for correction of Defendants' records to reflect the restoration of Plaintiff's firearms privileges and rights, and the removal of any and all disabilities as a result of the 1981 conviction.

20. Defendants either notified Plaintiff of its action, or has refused to take the action it is obligated to take, of allowing the application, and/or correcting its records to reflect the lawful removal of the disability and restoration of the privileges; which continues to this day.

21. All communications were received by the Plaintiff from the Defendants, and sent to the Defendants from Plaintiff, to/from Plaintiff's address, located within this judicial district and the venue of this Court.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### DECLARATORY JUDGMENT and/or ADMINISTRATIVE PROCEDURE ACT

22. Plaintiff reiterates all prior allegations as if restated herein.

23. The denials and/or refusals of the Defendants to take the action of correcting its records to reflect the restoration of Plaintiff's firearms privileges, and the removal of any disability as a result of the 1981 conviction, is final agency action of the U.S. Department of Justice, and by/through its Attorney General, Merrick B. Garland; and/or by one or more of its constituent agencies or bureaus, including but not necessarily limited to: FBI, and ATF.

24. Said action constituted a final agency action and for which there is no adequate remedy in a court, and which denied Plaintiff the exercise of his firearms privileges guaranteed by the United States Constitution, amend. II.

25. Plaintiff is entitled to correction of the Defendants' records, and approval of his application to purchase a firearm.

26. The action of the Defendants was and is unlawful, and unlawfully denied Plaintiff a hearing, due process of law, and his firearms privileges; and was and is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence (to the extent it is subject to same); and/or unwarranted by the facts (to the extent that the facts are subject to trial de novo by the reviewing court).

27. Plaintiff is entitled to and requests reversal and vacation of the decision denying Plaintiff's application for purchase of a firearm, and correction of the Defendants' records to

reflect the restoration of said privileges and the removal of any and all disabilities from the 1981 conviction.

## SECOND CLAIM FOR RELIEF

### DECLARATORY JUDGMENT OF REMOVAL OF DISABILITY FROM PURCHASE, USE, POSSESSION, AND OWNERSHIP OF FIREARMS AND CORRECTION OF RECORDS

28.    Plaintiff reiterates all prior allegations as if restated herein.

29.    Plaintiff is entitled to a declaration of removal of any legal disability to purchase, use, carry, own, or possess a firearm resulting from the 1981 conviction; and a declaration that his rights were restored, including for said purposes, by the Ohio court.

30.    Plaintiff is entitled to and requests a judgment declaring same and direction for the correction of Defendants' records and approval of the purchase application.

31.    The Plaintiff was denied a firearm due to the provision of erroneous information relating to the Plaintiff by FBI NICS.

32.    The erroneous information is that the Plaintiff has a conviction for a crime punishable by a term of imprisonment exceeding one year, without restoration of rights.

33.    The matter described above is an actual case and controversy between the parties.

34.    Plaintiff files this action seeking an order directing that the erroneous information be corrected, pursuant to Title 18 U.S.C. Section 925A.

35.    Plaintiff also requests the Court enter a judgment declaring that FBI NICS is directed to correct the erroneous information pursuant to Title 28 U.S.C. Section 2201.

## THIRD CLAIM FOR RELIEF
### AWARD OF ATTORNEY'S FEE

36.    Plaintiff reiterates all prior allegations as if restated herein.

37.    Plaintiff requests the Court order that the Defendant pay a reasonable attorney's

fee to the Plaintiff as part of the costs, pursuant to Title 18 U.S.C. Section 925A.

WHEREFORE Plaintiff demands judgment against the Defendants, Merrick B. Garland, in his official capacity as Attorney General of the U.S. Department of Justice, and against the U.S. Department of Justice, as follows:

1) For an order directing FBI NICS to correct the erroneous information in the NICS database stating that the Plaintiff has been convicted of a crime punishable by a term of imprisonment exceeding one year, pursuant to 18 U.S.C. § 925A.

2) For a judgment declaring that Defendants, and including the FBI NICS, are directed to correct the erroneous information in the NICS database stating that the Plaintiff has been convicted of a crime punishable by a term of imprisonment exceeding one year, pursuant to Title 28 U.S.C. Section 2201.

3) For the award of a reasonable attorney's fee as part of the costs, pursuant to Title 18 U.S.C. Section 925A.

4) For a declaration of removal of any legal disability from the 1981 conviction, and for restoration of Plaintiff's firearms privileges, and correction of the Defendants' records, and approval of the application for purchase; and

5) Any and all other orders and judgments this court deems appropriate.

**THOMAS G. EAGLE CO., L.P.A.**

  _/s/ Thomas G. Eagle_
**Thomas G. Eagle** (0034492)
Attorney for Plaintiff
3400 N. State Rt. 741
Lebanon, Ohio 45036
P: (937) 743-2545
F: (937) 704-9826
Email: eaglelawoffice@cs.com
