IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DUANE B. ROSSING, | : |
|    *Plaintiff*, | : Case No. 1:22-cv-00024-JPH |
| v. | : Judge Jeffery P. Hopkins |
| PAMELA J. BONDI, *et al.*,[1] | : |
|    *Defendant*. | : |

**OPINION AND ORDER**

     Duane B. Rossing ("Plaintiff") filed this declaratory judgment action against former Attorney General Merrick B. Garland and the Department of Justice (collectively, "Defendants"), seeking an order requiring Defendants to correct allegedly inaccurate information in the National Instant Criminal Background Check System ("NICS") that prevents Plaintiff from legally possessing a firearm. Plaintiff also asks the Court to reverse and vacate a prior denial of his firearm purchase application based on allegedly inaccurate information in the NICS and to declare that his rights to possess a firearm have been restored. These matters are before the Court on Defendants' Motion to Dismiss (Doc. 9), Plaintiff's Memorandum in Opposition (Doc. 11), and Defendants' Reply (Doc. 14). For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 9) and **DISMISSES** Plaintiff's Complaint (Doc. 1) **WITH PREJUDICE**.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court **ORDERS** Attorney General Pamela J. Bond substituted for former Attorney General Merrick B. Garland. All further proceedings shall be in Attorney General Bondi's name.

I. **BACKGROUND**

Plaintiff, an Ohio resident, lost the right to possess a firearm because of a conviction in Illinois on January 16, 1981 related to his possession of cannabis. Compl., Doc. 1, ¶¶ 1, 8; *see also* Doc. 9, PageID 29. In 2021, the Court of Common Pleas of Butler County, Ohio issued an order restoring Plaintiff's firearms rights. Compl., ¶ 8. Plaintiff then applied to purchase a firearm from a federally-licensed firearms dealer. *Id.* ¶ 16. However, Plaintiff's application was denied after the dealer initiated a background check through NICS. *Id.* ¶¶ 16–17. Plaintiff alleges that NICS—operated by the FBI or ATF—improperly flagged his 1981 conviction, which he alleges is no longer disqualifying given the Ohio court's restoration order. *Id.* ¶¶ 17, 19, 31. He further alleges that he diligently pursued all available administrative remedies, but his efforts were unsuccessful. *Id.* ¶¶ 18–19. He asks this Court to order Defendants to correct the inaccurate information in NICS, reverse and remand the denial of his firearm application, and declare that his firearm rights have been restored. *Id.* ¶¶ 22–37.

Defendants move to dismiss, arguing that the Ohio state court's restoration order does not eliminate the federal firearms prohibition resulting from Plaintiff's Illinois conviction. Doc. 9, PageID 31–34. The motion is fully briefed and ripe for adjudication.

II. **STANDARD OF REVIEW**

Defendants seek to dismiss the Complaint for failure to state a claim under Rule 12(b)(6). A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion to dismiss, a complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This,

2

however, requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).[2] Indeed, under the *Twombly/Iqbal* plausibility standard, courts play an important gatekeeper role, ensuring that claims meet a plausibility threshold before defendants are subjected to the potential rigors (and costs) of the discovery process. "Discovery, after all, is not designed as a method by which a plaintiff discovers whether he has a claim, but rather a process for discovering evidence to substantiate plausibly-stated claims." *Green v. Mason*, 504 F. Supp. 3d 813, 827 (S.D. Ohio 2020).

In deciding a motion to dismiss, the district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). In doing so, the district court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000).

---

[2] Plaintiff attaches to his Complaint the order from the Ohio court ultimately restoring his firearms rights under Ohio law. Doc. 1-1. Defendants attach to their motion an interim order from the Ohio court in the same action. Doc. 9-1. Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.,* 607 F.3d 1102, 1104 (6th Cir. 2010). But a court may consider "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein," without converting a motion to dismiss to one for summary judgment. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008.)) Such is the case here because both attachments are public records that reflect information that Plaintiff refers to in the Complaint.

### III. LAW AND ANALYSIS

The Brady Handgun Violence Prevention Act of 1993, Pub. L. No. 103-159, 107 Stat. 1536 (1993), established a nationwide background check system for firearm purchases. Under that Act, traditional gun dealers (such as gun shops) must obtain federal licenses, 18 U.S.C. § 923(a), and buyers must pass background checks when purchasing firearms from licensed dealers, also known as federal firearms licensees ("FFLs"), 18 U.S.C. § 922(t). To initiate a sale, an FFL typically submits a background check request—either directly or through a designated state point of contact—to the NICS, which is administered by the FBI. *See* 28 C.F.R. §§ 25.3, 25.6. NICS then searches three national databases for criminal and public-safety records to determine if a prospective buyer is prohibited from possessing a firearm. *See* 28 C.F.R. § 25.6(c)(1).

As is relevant here, federal law prohibits individuals from possessing firearms if they have been "convicted in any court of a crime punishable by imprisonment for a term exceeding one year," commonly referred to as the prohibition against being a "felon in possession." 18 U.S.C. § 922(g)(1). There is an exemption to the felon-in-possession ban, however, if a conviction has been "expunged, or set aside," or if a person "has been pardoned or has had [his] civil rights restored." 18 U.S.C. § 921(a)(20) (the "exemption clause"). Federal law further provides that "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." *Id*. ("the choice-of-law clause").

Plaintiff argues that he qualifies for an exemption from the felon-in-possession ban because an Ohio court restored his firearms rights. Compl., ¶ 13. Defendants respond that the exemption clause must be interpreted in light of the choice-of-law clause and that Plaintiff

4

may benefit from it only if his civil rights were restored by Illinois—the state where his 1981 felony conviction occurred. Doc. 9, PageID 32–34. Because Plaintiff does not allege that Illinois has restored his civil rights, Defendants further contend that his Complaint fails to state a claim upon which relief can be granted. *Id*. at PageID 34.

The Court agrees with Defendants. In *Beecham v. United States,* 511 U.S. 368 (1994), two petitioners challenged their felon-in-possession convictions under § 922(g)(1). One had previously been convicted of a felony in federal court in Tennessee, but later had his rights restored by the state of Tennessee. *Id*. at 370. The other had prior felony convictions in an Ohio federal court and in two West Virginia state courts, and later had his civil rights restored by the state of West Virginia. *Id*. Both argued that, pursuant to the exemption clause, the states' restoration of their civil rights removed their federal firearms disabilities otherwise imposed by § 922(g)(1). But the Supreme Court rejected that argument and held that, given the statute's structure and plain meaning, the exemption clause was governed by the choice-of-law clause. *Id*. at 371. As a result, the Supreme Court explained, the petitioners could "take advantage of [the exemption clause] only if they have had their civil rights restored under federal law" because that was the "law of the jurisdiction" where their prior felony proceedings had taken place. *Id.* at 374.

Plaintiff counters that he is not challenging a criminal conviction for being a felon-in-possession in violation of § 922(g)(1). Doc. 18, PageID 111. Rather, in this civil action, Plaintiff seeks a declaration that he is no longer prohibited from possessing a firearm under § 922(g)(1) because of the exemption clause.

*Smith v. United States*, 63 F.4th 677 (8th Cir. 2023), is instructive on this point. There, the Eighth Circuit Court of Appeals applied the reasoning in *Beecham* in a similar civil context.

5

A plaintiff who had been convicted of felonies in both Minnesota and Iowa state courts later had his rights restored by the state of Minnesota. *Id*. at 678. No FFL would sell him a firearm, however, because NCIS backgrounds checks indicated that he had unrestored Iowa felony convictions. *Id*. at 679. The plaintiff argued that the Minnesota restoration of his rights removed all of his disqualifying convictions, including the Iowa convictions, at least while he continued to reside in Minnesota. *Id*. But the Eighth Circuit disagreed and held that, even though *Beecham* arose in the criminal context, "the principal [was] the same" that federal law controlled. *Id.* at 679–80. Under § 922(g)(1), absent the exemption, the plaintiff was prohibited from possessing a firearm "if he [was] a person 'convicted *in any court*' of a qualifying crime" and that both his Minnesota and Iowa convictions qualified. *Id*. at 680 (quoting § 922(g)(1)). Moreover, under *Beecham*, when determining if a person's rights have been restored for purposes of the exemption clause, the choice-of-law clause provides that a request for a restoration of civil rights "is governed by the *law of the convicting jurisdiction*." *Beecham*, 511 U.S. at 371 (emphasis added). Thus, courts must apply the law of the jurisdiction where the original conviction occurred—in that case, Iowa. *Smith*, 63 F.4th at 680. Because the plaintiff's Iowa rights had not been restored—and the Iowa convictions were the product of Iowa proceedings—§ 922(g)(1) continued to bar him from possessing a firearm despite the Minnesota restoration. *Id*. at 680.

  Such is the case here. Plaintiff does not allege that his 1981 felony conviction in Illinois does not constitute a disqualifying conviction under § 922(g); nor does he allege that Illinois has restored his civil rights. Instead, like the plaintiff in *Smith*, he argues that the Ohio court's restoration of his rights nullifies all prior convictions, including his Illinois conviction. But no authority supports that position. Indeed, *Beecham* and *Smith* flatly contradict it.

6

Plaintiff also argues that the choice-of-law clause is unconstitutional "as applied to him" because he no longer resides in Illinois, and Illinois provides no process for non-residents to restore their civil rights. Doc. 11, PageID 52. But the Supreme Court disposed of a similar argument in *Beecham*. There, the Supreme Court addressed concerns about unequal access to rights restoration across jurisdictions. A federal appellate court had reasoned that a federal felon should be able to seek restoration of rights from states rather than the federal government, in part, because the federal system lacked an effective process for restoring civil rights. *Beecham*, 511 U.S. at 372–73. But the Supreme Court rejected that reasoning, explaining as follows:

> This reasoning assumes that Congress intended felons convicted by all jurisdictions to have access to all the procedures (pardon, expungement, set-aside, and civil rights restoration) specified in the exemption clause; but nothing in § 921(a)(20) supports the assumption on which this reasoning is based. Many jurisdictions have no procedure for restoring civil rights. See Apps. A and B to Brief for Petitioners (indicating that at least 11 States—Arkansas, Indiana, Kentucky, Maryland, Missouri, New Jersey, Oklahoma, Pennsylvania, Texas, Vermont, and Virginia suspend felons' civil rights but provide no procedure for restoring them); *see, e.g.,* Mo.Rev.Stat. § 561.026 (1979 and Supp.1994); *United States v. Thomas,* 991 F.2d 206, 213–214 (CA5) (Texas law), cert. denied, 510 U.S. 1014, 114 S.Ct. 607, 126 L.Ed.2d 572 (1993). However one reads the statutory scheme—as looking to the law of the convicting jurisdiction, or to the law of the State in which the prior conduct took place, or to the law of the State in which the felon now lives or has at one time lived—people in some jurisdictions would have options open to them that people in other jurisdictions may lack.

*Id.* at 373.

In short, Plaintiff was convicted of a crime in Illinois that disqualifies him from possessing a firearm under § 922(g)(1). The only jurisdiction with the authority to change that status is the jurisdiction where those conviction proceedings were held: Illinois. But Plaintiff instead impermissibly seeks relief from a federal court in Ohio. Consequently, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons stated, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 9) and **DISMISSES** Plaintiff's Complaint (Doc. 1) **WITH PREJUDICE**. The Court **ORDERS** the Clerk to **ENTER JUDGMENT** and **TERMINATE** this matter from the docket.

**IT IS SO ORDERED.**

July 25, 2025

Jeffery P. Hopkins
United States District Judge